# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-675V

| | |
|---|---|
| CAROL EATON,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: September 19, 2025 |

*Jonathan Joseph Svitak, Shannon Law Group, P.C., Woodridge, IL,* for Petitioner.

*Catherine Elizabeth Stolar, U.S. Department of Justice, Washington, DC,* for Respondent.

### **DECISION AWARDING DAMAGES**[1]

On January 12, 2021, Carol Eaton filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that as a result of an influenza vaccine received on November 18, 2020, she suffered a right shoulder injury related to vaccine administration ("SIRVA"). Petition at ¶¶ 1, 12. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 28, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On September 19, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $42,500.00 in pain and suffering. Proffer at 1. In the Proffer, Respondent represented that Petitioner

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

agrees with the proffered award. *Id*. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $42,500.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CAROL EATON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SECRETARY OF HEALTH AND HUMAN )<br>SERVICES, )<br>)<br>Respondent. )<br>) | No. 21-675V<br>Chief Special Master Corcoran<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION[1]

On January 12, 2021, Carol Eaton ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza ("flu") vaccine she received on November 18, 2020. Petition at 1, 3. On October 24, 2023, petitioner filed a Motion for Ruling on the Record. ECF No. 33. Respondent filed his Response on December 8, 2023, and petitioner filed a Reply on December 22, 2023. ECF Nos. 34-35. On July 28, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 39. Respondent now proffers the following regarding the amount of compensation to be awarded.[2]

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Chief Special Master's July 28, 2025 Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the Damages Decision.

**I.     Items of Compensation**

    A.     <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $42,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.    Form of the Award/Recommended Payment**

The parties recommend that the compensation provided to petitioner should be made through one lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[3]

A lump sum payment of **$42,500.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Carol Eaton.

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

          Respectfully submitted,

          BRETT A. SHUMATE
          Assistant Attorney General

          C. SALVATORE D'ALESSIO
          Director
          Torts Branch, Civil Division

          HEATHER L. PEARLMAN
          Deputy Director
          Torts Branch, Civil Division

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

/s/ *Catherine E. Stolar*
CATHERINE E. STOLAR
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 353-3299
Email: catherine.stolar@usdoj.gov

DATED: September 19, 2025

3